66 F.3d 326
 151 L.R.R.M. (BNA) 2608
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Dureya GIBSON, doing business as Fresh Alternative Painting
& Decorating Company, and its Alter Ego, Surface's
Paint & Decorating, Respondent.
 No. 95-5961.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1995.
 
 Before: CONTIE, NELSON, and RYAN, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its January 30, 1995, decision and order in Case No. 7-CA-36155 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36155 is hereby enforced. The respondent, Dureya Gibson, d/b/a Fresh Alternative Painting & Decorating, Covert, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to recognize and bargain with the International Brotherhood of Painters and Allied Trades, Local Union No. 1396, AFL-CIO (the "Union"), as the limited exclusive collective bargaining representative of the employees in the unit.
 
 
 4
 (b) Failing and refusing to comply with the 1992-1995 collective bargaining agreement with the Union and ceasing to make contractually required deductions and contributions on behalf of unit employees for administrative dues, Vacation Fund, Insurance Fund, Michigan State Building Trade Fund, B.A. Assessment, and Benton Harbor J.A.T.C. Apprenticeship Fund.
 
 
 5
 (c) Bypassing the Union and dealing directly with the employees in the unit by soliciting the employees to enter into individual employment agreements, including deferred payment, barter, and nonwage employment agreements for unit work.
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Recognize and bargain with the Union as the limited exclusive bargaining representative of the employees in the unit set forth in the 1992-1995 collective bargaining agreement and comply with the terms and conditions of that agreement.
 
 
 9
 (b) make whole the unit employees for any loss of wages or earnings they may have suffered as a result of its unlawful conduct and by making all required contributions that have not been made since March 7, 1994, and by reimbursing them for any expenses ensuing from its failure to make the required contributions, as set forth in the remedy section of the Board's decision and order.
 
 
 10
 (c) Make all contractually required deductions and reimburse the Union and/or Funds for its failure to do so since March 7, 1994, as set forth in the remedy section of the Board's decision and order.
 
 
 11
 (d) Make whole the unit employees by making all required contributions that have not been made since March 7, 1994, and by reimbursing them for any expenses ensuing from its failure to make the required contributions, as set forth in the remedy section of the Board's decision and order.
 
 
 12
 (e) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 13
 (f) Post at its facility in Covert, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 ENTERED BY ORDER OF THE COURT
 APPENDIX
 
 15
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 16
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT fail and refuse to recognize and bargain with the International Brotherhood of Painters and Allied Trades, Local Union No. 1396, AFL-CIO, as the limited exclusive collective-bargaining representative of the employees in the unit.
 
 
 19
 WE WILL NOT fail and refuse to comply with the 1992-1995 collective-bargaining agreement with the Union and cease to make contractually required deductions and contributions on behalf of unit employees for administrative dues, Vacation fund, Insurance fund, Michigan State Building Trade Fund, B.A. Assessment, Benton Harbor J.A.T.C. Apprenticeship Fund.
 
 
 20
 WE WILL NOT bypass the Union and deal directly with employees in the unit by soliciting the employees to enter into individual employment agreements, including deferred payment, barter, and nonwage employment agreements for unit work.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 22
 WE WILL recognize and bargain with the Union as the limited exclusive bargaining representative of the employees in the unit set forth in the 1992-1995 collective-bargaining agreement and comply with the terms and conditions of that agreement.
 
 
 23
 WE WILL make whole the unit employees for any loss of wages or earnings resulting from our failure to comply with the terms and conditions of the 1992-1995 agreement, with interest.
 
 
 24
 WE WILL make all contractually required deductions and reimburse the Union and/or the Funds for our failure to do so since March 7, 1994, with interest.
 
 
 25
 WE WILL make whole the unit employees by making all required contributions that have not been made since March 7, 1994, and by reimbursing them for any expenses ensuing from our failure to make the required contributions, with interest.
 
 
 26
 DUREYA GIBSON, D/B/A FRESH ALTERNATIVE PAINTING & DECORATING COMPANY, AND ITS ALTER EGO, SURFACE'S PAINT & DECORATING